UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | EP-14-CR-01496-DCG |
| JUAN MANUEL FLORES, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Juan Manuel Flores's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (ECF No. 160) filed on January 10, 2022. Also, before the Court is a letter (ECF No. 161) received by the Clerk's Office on January 11, 2022, wherein Defendant asks the Court to direct his attorneys to provide certain documents to him; the Court construes the letter as a motion to compel. Below, the Court addresses each motion in turn—after setting forth a brief procedural background.

In February 2015, Defendant pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (Count One) and conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i) and (ii), and (h) (Count Two). In May 2015, the Court sentenced him to a term of 180 months' imprisonment on each of Counts One and Two, to be served concurrently.[1] Defendant, now 51 years old, is serving his sentence at a Federal Correctional Institution in Danbury, Connecticut; his release date is June 16, 2027.[2]

---

[1] *See* Judgment in Criminal Case, ECF No. 59; Am. Judgment in Criminal Case, ECF No. 61.

[2] BOP Inmate Locator, https://www.bop.gov/inmateloc// (enter BOP registration number 12555-051).

**A. Motion to Reduce Sentence**

Defendant asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).
Section 3582(c)(2) grants a district court discretion to modify a sentence "in the case of a
defendant who has been sentenced to a term of imprisonment based on a sentencing range that
has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). To determine
whether to reduce a sentence pursuant to § 3582(c)(2), "the district court must conduct a two-
step inquiry." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "First, the district
court determines if the defendant is eligible for a reduction under U.S.S.G. § 1B1.10 and the
extent of the reduction authorized by the amended guidelines range." *United States v. Betts*, 851
F. App'x 529, 529 (5th Cir. 2021) (citing *Henderson*, 636 F.3d at 717). If he is eligible for a
reduction, "the district court proceeds to the second step to determine whether, in its discretion, a
reduction is warranted in consideration of any applicable § 3553(a) factors." *Id.* (same).

Defendant seeks a reduction based on Amendment 782 to the Sentencing Guidelines.
Mot. to Reduce Sentence at 1, ECF No. 160. Amendment 782 "modified the drug-quantity table
in Section 2D1.1 of the Guidelines by lowering most drug-related base-offenses levels by two."
*United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017). It became effective on November 1,
2014. U.S.S.G. (2014), App. C., Amend. 782; *id.*, App. C., Amend. 788 (making Amendment
782 retroactive).

Here, in sentencing Defendant, the Court adopted the presentence investigation report
("PSR") without change. Statement of Reasons, ECF No. 62. The initial and final versions of
the PSR were presented to the Court respectively on March 30, 2015, and May 5, 2015, *see*
PSRs, ECF Nos. 46, 52; the Court held sentencing hearing on May 14, 2015; and it sentenced
Defendant on May 21, 2015—all of these events occurred several months after Amendment 782

- 2 -

went into effect on November 1, 2014.  Specifically, the PSR states: "The 2014 Guidelines

Manual, incorporating *all guideline amendments*, was used to determine the defendant's offense

level. U.S.S.G. §1B1.11."  PSR at ¶ 15 (emphasis added), ECF No. 52.  Moreover, for purposes

of base offense level calculation for Count One, the PSR attributed to Defendant 720 kilograms

of cocaine and assigned him a base level of 38 under U.S.S.G. § 2D1.1.  *Id.* ¶ 16.  And, as

reflected in Amendment 782, the base offense level for 450 kilograms or more of cocaine was

38.  Amendment 782 was therefore properly applied in the PSR in calculating Defendant's

offense level; as such, Defendant was afforded the full benefit of Amendment 782.

The Court finds that  Defendant "is ineligible for a sentence reduction under § 3582(c)(2)

because he was not 'sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission.'"  *United States v. Zavala-Garcia*,

671 F. App'x 242, 242–243 (5th Cir. 2016) (quoting § 3582(c)(2)).  His motion to reduce

sentence is denied.

## B.  Motion to Compel

By his letter, Defendant asks the Court to order his attorneys to provide him a copy each

of (1) the sentencing memorandum filed on his behalf; (2) the sentencing memorandum filed by

the Government, (3) court orders relating to his sentence, and (4) his plea agreement.  Def.'s Ltr.,

ECF No. 161.  He says that he tried to get the documents from his attorneys, but to no avail.

The Court notes that during the prosecution of this case, neither side filed any sentencing

memorandum.  The plea agreement and the Court's statement of reason for rendering his

sentence remain under seal.  Documents such as plea agreements, presentence investigation

reports, and statements of reasons are kept under seal for the protection of the defendants.

Moreover, the Bureau of Prisons ("BOP") has certain policies and rules the prohibit inmates

serving a sentence in custody from possessing photocopies of presentence investigation reports and statements of reasons. *E.g.*, BOP, *Resource Guide to the Federal Bureau of Prisons* at 10–11 (2019), at https://www.bop.gov/resources/pdfs/legal_guide_march_2019.pdf ("The PSR and SOR . . . are not permitted to be retained in the possession of the inmate." (citing BOP Program Statement 1351.05)); *see also Delgado v. Bureau of Prisons*, No. CIV.A. 1:05-CV-401, 2007 WL 2471573, at *2 (E.D. Tex. Aug. 29, 2007) (discussing BOP Program Statement 1351.05), *aff'd*, 278 F. App'x 367 (5th Cir. 2008); *Sample v. Watts*, 100 F. App'x 317, 318 (5th Cir. 2004) (The BOP "implemented this prohibition in response to an emerging problem where inmates pressure other inmates for a copy of their Presentence Report to learn if they are informants, gang members, or have financial resources." (discussing BOP Program Statement 1351.05)).

Critically, here, Defendant has not provided a legitimate reason why he needs the requested documents at this time. He says, "I have not yet received these documents and this continues to be an issue for me as I attempt to get both my life and my legal affairs in order." Def.'s Ltr at 1. He does not seek the documents to prepare for, for example, any habeas petition, as the time for filing such a petition has long passed. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). The Court therefore denies Defendant's request. *See, e.g.*, *United States v. Davis*, No. 4:17-CR-264-O, 2019 WL 7987814, at *1 (N.D. Tex. Nov. 27, 2019) ("Absent a pending question of fact for which the attorney's case file is material to resolution of the question, the issue of a client's request for attorney's case file is a matter that should be resolved between the attorney and client, not in federal court.").

## C.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 160) and his letter request (ECF No. 161), construed as a motion to compel, are **DENIED**.

**So ORDERED and SIGNED this  23rd  day of March 2022.**

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**